1 | NOSSAMAN LLP
Allan H. Ickowitz (SBN 80994)
John W. Kim (SBN 216251)
Valerie A. Strumwasser (SBN 271923)
445 S. Figueroa Street, 31st Floor
Los Angeles, California 90071
Telephone: 213.612.7800
Facsimile: 213.612.7801
aickowitz@nossaman.com
jkim@nossaman.com
vstrumwasser@nossaman.com

and

Kathryn R. Norcross, Senior Counsel
Nicholas Katsonis, Counsel
Federal Deposit Insurance Corporation
Legal Division
3501 Fairfax Drive, Room D-7092
Arlington, Virginia 22226-3500
Telephone: (703) 562-2089

Attorneys for the Federal Deposit Insurance Corporation
as Receiver for Los Padres Bank, Solvang, California

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

In re:

HARRINGTON WEST FINANCIAL GROUP, INC.,

Debtor.

Case No: 9:10-bk-14677-RR

Chapter 11

**NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 FOR AN EXPEDITED ISSUANCE OF ORDER REQUIRING THE PRODUCTION OF DOCUMENTS BY DEBTOR; DECLARATION OF JOHN W. KIM; AND EXHIBITS 1-2**

<u>No Hearing Required</u>

[PROPOSED ORDER UPLOADED CONCURRENTLY HEREWITH]

403082_2.DOC

**TO THE HONORABLE ROBIN RIBLET, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, ITS ATTORNEY OF RECORD AND ALL OTHER PARTIES ENTITLED TO NOTICE:**

NOTICE IS HEREBY GIVEN that the Federal Deposit Insurance Corporation as receiver ("FDIC-R") for Los Padres Bank, Solvang (the "Bank") has filed the attached motion (the "Motion") for an order (the "Order") pursuant to Fed. R. Bankr. P. 2004 and Local Bankruptcy Rule 2004-1 to direct Harrington West Financial Group, Inc. (the "Debtor"), to produce to the FDIC-R for inspection and copying three tax sharing agreements described in **Exhibit 1** of the accompanying declaration by February 22, 2011.

This Motion is made under Fed. R. Bankr. P. 2004 and 9016 and Local Bankruptcy Rule 2004-1, and is based on the attached Memorandum of Points and Authorities, Declaration of John W. Kim, Exhibits 1 and 2, and the Court's file of which the Court is requested to take judicial notice.

DATED: February 17, 2011

NOSSAMAN LLP
ALLAN H. ICKOWITZ
JOHN W. KIM
VALERIE A. STRUMWASSER

By: /s/ Valerie A. Strumwasser
VALERIE A. STRUMWASSER
Attorneys for Federal Deposit Insurance
Corporation as Receiver for Los Padres Bank,
Solvang, California

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this Motion, the FDIC-R seeks production of records by the Debtor pursuant to Fed. R. Bankr. P. 2004 ("Rule 2004") and Local Bankruptcy Rule 2004-1.

Pursuant to the Debtor's bar date order, the FDIC-R must file its Proof of Claim with the Court no later than March 9, 2011. The three tax sharing agreements that are the subject of this Motion need to be reviewed by the FDIC-R in connection with the completion of its Proof of Claim. Each of the three tax sharing agreements were identified in the Debtor's Schedule G. The FDIC-R has not been able to obtain copies of the three tax sharing agreements. Decl. of John W. Kim ("Kim Decl."), ¶ 2. The Debtor has been unresponsive to the FDIC-R's requests for the production of the three tax sharing agreements thereby compelling the FDIC-R to file this Motion.

## II. BACKGROUND FACTS

The Debtor is a bank holding company. Its principal business was to serve as the holding company for its wholly-owned subsidiary, the Bank. On August 20, 2010, the Office of Thrift Supervision, closed the Bank and appointed the FDIC as receiver for the Bank.

On September 10, 2010, the Debtor filed a voluntary petition for relief under Title 11 of the United States Bankruptcy Code (11 U.S.C. § 101 *et seq.*). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor, as a debtor in possession, continues to operate its business and manage its affairs. No trustee or examiner has been appointed in the above referenced bankruptcy case, and the United States Trustee has not appointed an Official Committee on Unsecured Creditors in the Bankruptcy Case.

The FDIC, as receiver for the Bank, will assert the FDIC-R's ownership and entitlement to tax refunds that will be generated by various taxing authorities. In the Debtor's Bankruptcy Petition Schedule G, the Debtor references three tax sharing agreements (the "Agreements"). The Agreements have not been repudiated or rejected. Therefore, the FDIC-R must have the opportunity to review the Agreements before filing its Proof of Claim in connection with the analysis and preparation of its Proof of Claim as well as other issues in the bankruptcy case.

### III. THE TAX SHARING AGREEMENTS FALL WITHIN THE PURVIEW OF FED. R. BANKR. P. 2004 AND ARE NECESSARY FOR THE FDIC-R'S PROOF OF CLAIM

Fed. R. Bank. P. 2004(a) provides: "On motion of any party in interest, the court may order the examination of any entity." *See also In re Continental Forge Co., Inc.*, 73 B.R. 1005, 1006 (W.D. Pa. 1987) (stating that debtors and non-debtor third parties are equally subject to examination under Rule 2004).

The scope of examination under Rule 2004 is "unfettered and broad." *See In Re GHR Energy Corp.*, 33 B.R. 451, 453-54 (Bankr. D. Mass. 1983). The examination can extend to, inter alia, "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate…and any other matter relevant to the case or to the formulation of a plan." Fed. R. Bankr. P. 2004(b). An examination under Rule 2004 can include a request for the production of documents. *See* Fed. R. Bankr. P. 2004(c); *see also In Re Financial Corp. of America*, 119 B.R. 728, 733 (C.D. Cal. 1990).

As outlined above, the FDIC-R's Proof of Claim against the Debtor's estate must be filed by March 9, 2011. The FDIC-R believes that it is entitled to 100% of tax refunds owed through Federal and State tax returns since these refunds were generated through the operations of the Bank and not the Debtor. However, the Debtor is likely to dispute the FDIC-R's contention and will potentially rely on the Agreements for such contentions. The FDIC-R therefore requires copies of the Agreements.

The FDIC-R's request for production to the Debtor cannot proceed under Fed. R. Bankr. P. 7030 or 9014 because there is no adversary proceeding or contested matter pending in which such discovery by the FDIC-R would be appropriate.

### IV. COMPLIANCE WITH LOCAL BANKRUPTCY RULE 2004-1(a)

The FDIC-R previously requested the three tax sharing agreements pursuant to at least two letters to the Debtor's counsel. These letters dated February 1 and February 9, 2001 are attached as **Exhibit "2"**. The Debtor has not responded to either of these letters. Kim Decl., ¶ 3.

In light of the March 9, 2011, deadline for the FDIC-R to file its Proof of Claim against the Debtor's estate, the FDIC-R respectfully requests that the Court enter this Order on an expedited basis as

1  is allowed under Local Rule 2004-1(c) and require the Agreements to be produced by February 22,

2  2011. Since the Debtor has referenced the three Tax Sharing Agreements in Schedule G, they

3  presumably have access to the Agreements.

4      **V.**    **CONCLUSION**

5      For the reasons set forth herein, the FDIC-R requests that the Court enter an order that directs the

6  Debtor to produce to the FDIC-R for inspection and copying the three tax sharing agreements described

7  in **Exhibit 1** to the Kim Decl.

8

9  DATED: February 17, 2011            NOSSAMAN LLP

10                                        ALLAN H. ICKOWITZ
                                       JOHN W. KIM

11                                        VALERIE A. STRUMWASSER

12

13                                        By: _____

14                                            VALERIE A. STRUMWASSER
                                       Attorneys for Federal Deposit Insurance
                                       Corporation as Receiver for Los Padres Bank,

15                                         Solvang, California

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF JOHN W. KIM

I, John W. Kim, declare and state as follows:

1. I am an attorney at law licensed to practice in the State of California and admitted to practice before this Court. I am a Partner with Nossaman LLP, counsel for the Federal Deposit Insurance Corporation (the "FDIC"), as receiver for Los Padres Bank, FSB (the "Bank"). I have personal knowledge of the facts contained in this declaration, and if called as a witness, I could and would testify competently thereto under oath.

2. Although my partner Allan Ickowitz and I have requested that the FDIC-R attempt to locate any tax sharing agreements between the Debtor and the Bank and provide them to our office for review, I am informed that the FDIC-R has been unable to locate such agreements. Given the reference in the Debtor's Schedule G to three Tax Sharing Agreements including one identified as between the Debtor and the Bank, presumably the Debtor has those documents in its possession. Attached hereto as **Exhibit 1** is a copy of the FDIC-R's formal request for the three tax sharing agreements in support of this Motion.

3. On February 1, 2011, Allan H. Ickowitz of Nossaman LLP sent a letter to Debtor's counsel requesting the three Tax Sharing Agreements. On February 9, 2011, I sent a second letter to Debtor's counsel requesting the three Tax Sharing Agreements or to advise us if they do not have copies of these three agreements. Debtor's counsel has not produced the Tax Sharing Agreements and has not responded to my letter dated February 9, 2011. FDIC-R's meet and confer attempts did not resolve the request for the Tax Sharing Agreements. Attached hereto as **Exhibit 2** are true and correct copies of the February 1 and February 9, 2011 letters.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of February 2011 at Los Angeles, California.

_____
John W. Kim